T.C. Summary Opinion 2006-62

UNITED STATES TAX COURT

BEVERLY JOHNSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5609-05S.                    Filed April 19, 2006.

Beverly Johnson, pro se.

Stephen A. Haller, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code as in effect for the year at issue.  The decision to
be entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency in petitioner's Federal income tax of $4,899.40 for 2003. The issue for decision is whether petitioner is liable for the 10-percent additional tax on an early distribution under section 72(t).

## Background

The stipulated facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Los Angeles, California.

In 2003, petitioner was employed by Comcast of California as a customer service representative. Petitioner began a leave of absence from Comcast on June 3, 2003. Petitioner filed a claim for disability insurance benefits with California's Employment Development Department (department) on grounds of acute depression. The claim was approved effective as of June 3, 2003, and petitioner thereafter received disability insurance benefits from June 3, 2003, to February 28, 2004.

On January 20, 2004, at the department's request, petitioner appeared for an examination with a psychiatrist chosen by the department. The psychiatrist opined in his written report that petitioner should be able to return to her regular work beginning January 20, 2004. On the basis of the report, the department determined that petitioner was no longer eligible for disability insurance benefits. The department's determination was upheld by

a decision from an administrative law judge, and that decision was subsequently affirmed by the California Unemployment Insurance Appeals Board.

At the end of 2003, petitioner received a lump-sum distribution of $48,994 from her Verizon Pension Plan (distribution). At the time, petitioner was 52 years old.

On March 26, 2004, petitioner electronically filed a Form 1040, U.S. Individual Income Tax Return, for 2003. The distribution was reported as income on the return.

Respondent subsequently issued to petitioner a statutory notice of deficiency for 2003. Respondent determined that petitioner is liable for a 10-percent additional tax on the distribution under section 72(t), because she received the distribution prematurely.

In her petition, petitioner contended that she is not liable for the 10-percent additional tax on early distribution, because she used the distribution to pay her college education expenses. Petitioner later conceded at trial that she was not entitled to the higher education expense exception to avoid the 10-percent additional tax. Petitioner instead asserted, for the first time, that she withdrew the distribution on account of her disability.

## Discussion

Section 72(t)(1) generally imposes a 10-percent additional tax on premature distributions from "a qualified retirement plan (as defined in section 4974(c))", unless the distributions come within one of the statutory exceptions under section 72(t)(2).

The legislative purpose underlying the section 72(t) tax is that "'premature distributions from IRAs frustrate the intention of saving for retirement, and section 72(t) discourages this from happening.'" Arnold v. Commissioner, 111 T.C. 250, 255 (1998) (quoting Dwyer v. Commissioner, 106 T.C. 337, 340 (1996)); S. Rept. 93-383, at 134 (1974), 1974-3 C.B. (Supp.) 80, 213.

Section 72(t)(2)(A)(iii) provides an exception for distributions "attributable to the employee's being disabled within the meaning of subsection (m)(7)". Section 72(m)(7) provides:

> (7) Meaning of disabled.-- For purposes of this section, an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration. An individual shall not be considered to be disabled unless he furnishes proof of the existence thereof in such form and manner as the Secretary may require.

The determination of whether a taxpayer is disabled is made with reference to all the facts of the case. Sec. 1.72-17A(f)(2), Income Tax Regs. The regulations also set forth general considerations upon which a determination of disability

is to be made, such as the nature and severity of the impairment. Sec. 1.72-17A(f)(1), Income Tax Regs.  However, the regulations emphasize that the "substantial gainful activity" to which section 72(m)(7) refers is the activity, or a comparable activity, in which the individual customarily engaged before the disability.  Id.  Therefore, the impairment must be evaluated in terms of whether it does, in fact, prevent the individual from engaging in her customary, or any comparable, substantial gainful activity considering the individual's education, training, and work experience.

The term "indefinite" means that it cannot reasonably be anticipated that the impairment will, in the foreseeable future, be so diminished as no longer to prevent substantial gainful activity.  Sec. 1.72-17A(f)(3), Income Tax Regs.  An impairment which is remediable does not constitute a disability.  Sec. 1.72-17A(f)(4), Income Tax Regs.

Petitioner contends that she is eligible for the disability exception under section 72(t)(2)(A)(iii) because she suffered from depression which rendered her unable to work as of June of 2003.  Petitioner submitted into evidence three notes from a Dr. Oscar Moore as evidence of her disability.  Dr. Moore specializes in internal medicine and hypertension and is not a psychiatrist. In his notes, Dr. Moore certified that petitioner was totally

incapacitated from October 2 to December 2, 2003, and from February 1 to April 1, 2004.

Dr. Moore further certified that petitioner was "released to full duty" on June 7, 2004. Thus, petitioner should have been capable of engaging in substantial gainful activity as of that date. See Kovacevic v. Commissioner, T.C. Memo. 1992-609 (holding that the taxpayer was not "disabled" within the meaning of section 72(m)(7) even though he suffered from severe depression and was hospitalized twice, because he had not shown that his condition was irremediable).

Moreover, as certified by her own physician, petitioner's disability was not indefinite. The Court finds that petitioner was and is not disabled within the meaning of section 72(m)(7) and is therefore not eligible for the disability exception under section 72(t)(2)(A)(iii).

The distribution petitioner received is subject to the 10-percent additional tax under section 72(t).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.